Money received by administrator in possession of deceased ..... 32 10
She also proved that, after plea pleaded, the administrator sold property of the deceased, on 1 September following, to the amount of ..................................................... 377 6
That the deceased, being a physician and in partnership with Dr. Haywood of Tarborough, was, at the time of his death, entitled to one-third part of the bonds, notes and accounts of said firm. That Dr. Haywood was surviving partner, who placed these notes and accounts in the hands of trustees for collection, and that the defendant agreed to receive one-third of these notes and accounts in discharge of his claim as administrator (216) against said Haywood, in the month of February preceding the issuing of this writ, and by him received on 31 May, 1810, but received no part of the money arising from said collection until November thereafter, to the amount of ........ 375 -------- £ 966 16
And the witness thought these notes and accounts good, except as to $50. It further appeared that the money arising from the first sale was not received by administrator until after plea pleaded, as well as the amount of the money arising from the notes and accounts aforesaid.
The defendant, to show his disbursements or application of assets, proved that three several writs sued out in June, 1810, on bonds due from the intestate, were prosecuted to judgments, subject to such assets as should come to his hands after the date of said judgments, to the *Page 167 
amount of ............................................... £ 531 15
That the intestate was, by a division made by commissioners of his father's estate, indebted to the amount of.............. 71 17 which, from a receipt, he paid in March preceding the plaintiff's action.
Two judgments, before a justice of the peace, on notes of hand .................................................. 38 14 6 Judgment on a signed account .......................... 12 Account for funeral expenses .......................... 5 Fees paid clerk for taking out administration ......... 1 Allowance for commissioners ........................... 41 12 6 Retainer for his own account for making a shirt ....... 12 6 Sawyer's bond paid .................................... 71 17 7 -------------- £ 774 9 1
On the above statement of facts it is submitted to the Supreme Court to decide whether the above sum of £ 182, arising from the first sale, was or was not assets subject to the plaintiff's demand, the money arising from the said sale not having been received until (217) November after the plea pleaded.
Whether the agreement of the defendant to receive a third part of the notes, bonds and accounts of the firm of Haywood and Hooker, in discharge of his claim against said firm, in February preceding the plaintiff's writ, although no part of the money arising therefrom was received until November thereafter, was or was not assets subject to the plaintiff's demand.
If the £ 182 should not be considered assets liable to the plaintiff's demand, ought they not to be considered as the assets of which the debt of £ 71, 17s. and the remainder of the vouchers claimed by defendant ought to be paid, and thereby leave the balance of the assets liable to the demand of the plaintiff?
The jury found a verdict for the plaintiff for the sum of £ 81 8s. 5d., that the defendant had assets, under the charge and direction of the presiding judge. Motion for new trial.
The sale was made by the administrator before the commencement of the action, but the proceeds of it were not received by him until after plea pleaded, and the question is whether such proceeds *Page 168 
are liable, as assets, to the plaintiff's demand. If the plea of pleneadministravit were drawn out at length, it would state "that he has no goods or chattels which were of the said intestate at the time of his death, in his hands to be administered, nor had at the time of suing out the writ of the plaintiff, nor ever since." When issue is taken on this plea, one question presented is whether the defendant had assets at the time of pleading. To establish which the plaintiff may go into proof of assets received by the defendant after the issuing of the writ, and between that period and the time of entering the plea. But no proof can be given of assets received after the latter period, because they cannot be received in this action. If the plaintiff cannot prove that the defendant had assets at the time of the commencement of the suit, or that assets have come to his hands since then, and before the plea, he may pray a judgment quando acciderint; and in a scire facias on such judgment the plaintiff may recover such assets coming to the defendant's hands after the plea as are not already bound by outstanding judgments.
This principle applies to every question which the Court are (219) called upon to decide in this case; for none of the several sums claimed were received until after the plea. The bare agreement to receive the bonds and notes from the surviving partner cannot charge the administrator, for he had no right to sue for them, and the probable effect of such agreement was not to waste or diminish the fund out of which the creditors were to receive payment, but to call it sooner into activity.
There must be a new trial.
NOTE. — See S. c., on a former trial reported in 6 N.C. 250;Miller v. Spencer, ibid., 281; Littlejohn v. Underhill, post, 377; Rountreev. Sawyer, 15 N.C. 44. The act of 1828 (1 Rev. Stat., ch. 46, sec. 23-26) allows an executor or administrator nine months after his qualification to plead, and declares that the commencement of a suit or service of a writ shall not create any lien on the goods of the testator or intestate, but that the executor or administrator shall be at liberty to sell them, or if such writ had not been served on him or such suit commenced.